Judge Wood
delivered the opinion óf the court:
The first, and indeed the only question which appears necessary to be considered and settled by us, in this case, is the one presented under the first issue. Is there such a x’ecord as the plaintiff has described? Let us consider what a record is, and in what manner it is made up, and of what it consists, and there can be but little difficulty in reaching a conclusion to us, at least, satisfactory. A record is the history of the cause from its commencement, the issuing of the writ, until final judgment is rendered. Section 101 of the practice act defines what it is in these words: “That the clerk of each court shall, in vacation, make a complete recoi’d of the writ, recognizance of bail, pleadings, orders, and judgments, or decx-ees in each cause finally determined at the preceding term.” If the clerk omit to perform this duty in making up the record, a party may avail himself of the original files and the journal entries in lieu of it, but the proceedings must all have been in obedience to the law. It is not the voluntary assumptions of a party, although entered upon the files fx-om which the recoi’d is made, or upon the record itself, that will make such assumption matter of record, unless the law requires it to be done in the progress of the cause, and then it forms a part of the histox’y of the cause, and is of record.
The act of 1824, to organize and regulate the practice of the judicial courts, provides, “ That any person requiring a writ shall *434 file a precipe with the clerk, who shall make out and deliver such writ or process as is directed; and in. all cases of mesne process, when the plaintiff doth notreside in or is not a householder in the county, the writ shall be indorsed by some freeholder, resident in the county, as security for costs, before the clerk shall deliver the same to the sheriff.” This is the section of the statute which eon-428] trols this case. If the writ is indorsed ^before it is dcliv- ■ ered to the sheriff, in obedience to the law, that indorsement becomes matter of record. It is a part of the writ itself, rna.de so by statute. This writ was not so indorsed. The summons, as it is averred in the declaration, was issued and returned to February term, 1826. The cause was ponding until November, 1828, when the writ was indorsed by the defendants. It is not averred that Tice, the plaintiff in that suit, after commencing his action, had left the state, and that the court, in the exercise of a power which We do not feel inclined to doubt they possess, had ruled him to give security; if such were the fact, it would change materially the aspect of this case. There is no such averment, and that the indorsement was made in obedience to that order. But after the writ had been sued and returned almost two years, the defendants came voluntarily into court and indorsed the writ. We do not say that such an indorsement is not a contract, which would obligate the indorsers to pay the costs — that question is not before us; but it does appear to us to be a voluntary contract, authorized by no law, and can, therefore, form no part of the record. A sci. fa., then, is not the remedy, if the plaintiff have one to recover in this case. Our opinion is, there is no such record as the plaintiff has described in his declaration, and that judgment should be entered for the defendants.
It is unnecessary to notice the issue in law. This opinion, on this point, would overrule the demurrer, if it were necessary to notice it specially.